**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RONALD MITCHELL,**

    **Plaintiff,**

**v.**                                                          **Civil Action No. 1:06cv107**
                                                                  **(Judge Keeley)**

**UNITED STATES DEPT. OF JUSTICE,**
**and FEDERAL BUREAU OF PRISONS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On July 13, 2006, the Court received a "Motion that the Court Convene a Special Grand Jury and Appoint a Special Prosecutor and Allow Plaintiff to Appear with the Evidence of, for, the Crimes Alleged Herein Pursuant to 18 U.S.C. Sec. 3331(a) and 3332(a)." In the motion, the plaintiff asserts that the Chief Judge and Prosecutor are required to convene a Grand Jury under 18 U.S.C. §§ 3331(a) and 3332(a) when a citizen of the United States alleges and provides evidence that a crime has been committed. Plaintiff asserts that the defendants are committing "on-going crimes" against him and asserts that his sworn motion is sufficient evidence of the crimes to convene a grand jury in this matter.[1] Plaintiff cites several cases which he believes supports his claim that this Court has the authority to convene the requested grand jury.

Accordingly, although plaintiff states on the first page of his motion that this is "NOT A CIVIL ACTION," because plaintiff pleaded for the Court's help and stated that his life was in

---

[1] Petitioner alleges that the defendants are committing the crimes of attempted murder, conspiracy to murder, kidnapping, torture, RICO Act violations, and other crimes that plaintiff will "save for presentation before the Court and Grand Jury." Motion at 3.

immediate danger, the Court directed the Clerk to initiate a civil rights case on plaintiffs' behalf. Therefore, in accordance with the policies and procedures of this Court, plaintiff was sent the forms necessary for requesting *in forma pauperis* status and a Notice of General Guidelines for Appearing Pro Se in Federal Court.

On July 18, 2006, the Court received from plaintiff a "(i) Motion that the Court Send FBI to the Prison to take Photos of my Injuries and Deposition, (ii) Motion that the Court Obtain Ledger Sheets of my Prison Account, (iii) Motion that the Court Provide Needed Copies of this Action and (iv) Notice of Appeal." In this motion, plaintiff asserts that he was assaulted and requests the Court "dispatch agents to the prison immediately to photograph injuries and take deposition." Moreover, plaintiff asserts that he cannot get a copy of his ledger sheet and asks the Court to obtain one. Plaintiff states that he is "in the hole and the prison is orchestrating his murder." Plaintiff asserts that his previous motion for a grand jury was intended to be a criminal matter and not a civil matter. Therefore, plaintiff requests that the grand jury be immediately convened and if not, that an emergency appeal to the Fourth Circuit be initiated on his behalf.

Also on July 18, 2006, the Court received a Motion for Leave to Proceed In Forma Pauperis and a signed Consent to Collection of Fees Form. On August 24, 2006, plaintiff inquired as to the status of his pleadings and the Clerk was directed to send plaintiff a copy of his docket sheet. Accordingly, this matter is currently before the undersigned for a preliminary review and report and recommendation.

## II. Analysis

Assuming that this case was properly initiated as a civil rights action,[2] upon a review of

---

[2] Plaintiff asserts that this is a criminal matter, not a civil matter.

2

the statutes and cases cited by plaintiff, the undersigned is of the opinion that the complaint should be dismissed. Specifically, the undersigned notes that 18 U.S.C. §§ 3331(a) and 1332(a) govern special grand juries and are not applicable here. Neither are the O'Bryan and Nash cases cited by plaintiff in his original motion. See O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965) (relating to judicial immunity); see also Nash v. Califano, 613 F.2d 10 (2d Cir. 1980) (relating to a Social Security Administrative Law Judge's standing to bring an action as to decisional independence).

However, Application of Woods, 833 F.2d 113 (8th Cir. 1987) is applicable. In Woods, the Eighth Circuit held that the Court in its supervisory capacity, can authorize an individual to appear before the grand jury if the circumstances require. Nevertheless, before giving such authorization, the complainant must show a clear basis in law or fact, which plaintiff in this case has failed to do.

Additionally, the undersigned notes that matters of the grand jury are "in the first instance," the obligation of the United States. See United State v. Burns, 990 F.2d 1426 (4th Cir. 1993) (citing United States v. Williams, 504 U.S. 36 (1992)). Thus, plaintiff must bring his claims to the United States before seeking judicial relief. This plaintiff has not done.

### III. Recommendation

Accordingly, it is the recommendation of the undersigned that the complaint be DISMISSED for the failure to state a claim. In light of this finding, it is further recommended that the plaintiff's motion to send the FBI to the prison and for other relief (dckt. 4) be DENIED, and his motion to proceed *in forma pauperis* (dckt. 7) be DENIED as moot.

Within ten (10) days after being served with a copy of this recommendation, any party

may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: August 25, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE