# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD MITCHELL,

      Plaintiff,

v.                 //        CIVIL ACTION NO. 1:06CV107
                                    (Judge Keeley)

UNITED STATES DEPARTMENT OF
JUSTICE/FEDERAL BUREAU OF PRISONS,

      Defendant.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 13, 2006, pro se plaintiff, Ronald Mitchell
("Mitchell"), submitted a document to the Court titled "Motion that
the Court Convene a Special Grand Jury and Appoint a Special
Prosecutor and Allow Plaintiff to Appear With the Evidence of, for,
the Crimes Alleged Herein Pursuant to 18 U.S.C. Sec. 3331(a) and
3332(a)". In his motion to convene a grand jury, Mitchell asserts
that this is not a civil action, but rather a criminal matter
because "the defendants are committing 'on-going crimes' against
him."

Nevertheless, because the plaintiff asked for the Court's help
and stated that his life was in immediate danger, the Court
directed the Clerk of Court to initiate a civil rights action on
his behalf and to send him the forms necessary for requesting in
forma pauperis status and a Notice of General Guidelines for
Appearing pro se in federal court. Pursuant to the Court's order,
the Clerk mailed the forms to Mitchell the same day. Further, by

standing Order, the Court referred the matter to United States Magistrate Judge James E. Seibert for initial review and a report and recommendation.

Thereafter, on July 18, 2006, Mitchell filed a "Motion that the Court Send FBI to the Prison to take Photos of my Injuries and Deposition, Motion that the Court Obtain Ledger Sheets of my Prison Account, Motion that the court Provide Needed Copies of this Action and a Notice of Appeal." In that motion, Mitchell again states that "[t]his is a criminal a matter", and again requests that the Court convene a grand jury to hear his claims. Also on July 18, 2006, he filed a Motion for Leave to Proceed In Forma Pauperis and a signed Consent to Collection of Fees Form.[1]

On August 25, 2006, in accordance with Local Rule of Prisoner Litigation 83.01, et seq, and 28 U.S.C. §§1915(e) and 1915A, Magistrate Judge Seibert issued a report and recommendation recommending that this matter be dismissed for failure to state a claim. The Magistrate Judge noted that 18 U.S.C. §§ 3331(a) and 1332(a) govern special grand juries and are not applicable to this case and that O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965), relates to judicial immunity and Nash v. Califano, 613 F.2d 10(2nd

---

[1] In his July 18, 2006 motion, Mitchell also asserts that he was unable to obtain his Prisoner Trust Account ledger sheets because he has been "in the hole and the prison is orchestrating his murder" and he requests that the Court obtain them.

2

Cir. 1980), relates to a Social Security Administrative Law Judge's standing to bring an action as to decisional independence.

Magistrate Judge Seibert further determined that Application of Woods, 833 F.2d 113 (8th Cir. 1987), was applicable to this case. In Woods, the Eighth Circuit held that the Court in its supervisory capacity could authorize an individual to appear before a grand jury if the circumstances required it and the complainant demonstrated a clear basis in law or fact. In this case, however, the Magistrate Judge concluded that Mitchell's unsupported allegations fail to show a clear basis in law or fact for the requested relief.

Furthermore, the Magistrate Judge noted that in United States v. Burns, 990 F.2d 1426 (4th Cir. 1993)(citing United States v. Williams, 504 U.S. 36 (1992)), the Fourth Circuit held that matters of the grand jury are "in the first instance," the obligation of the United States. Therefore, the plaintiff must bring his claims to the United States before seeking judicial relief, and failed to do so.[2]

Moreover, while the Magistrate Judge informed Mitchell that his failure to file objections within ten (10) days of being served

---

[2] Because of Mitchell's repeated assertions, made both prior to and after his case was opened, that he seeks to bring criminal, not civil, charges against the defendants, the Magistrate Judge did not evaluate Mitchell's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Rather, the Magistrate Judge thoroughly evaluated Mitchell's claims and relief requested by Mitchell in his complaint and subsequent motion.

with the Report and Recommendations would result in the waiver of his appellate rights on the issues presented, more than two months have passed without objection from Mitchell.[3]

Therefore, the Court **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety (Doc. No. 9), and **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** for failure to state a claim. Further, the Court **DENIES** plaintiff's motion to send the FBI to the prison and for other relief (Doc. No. 4), and **DENIES** as **MOOT** the plaintiff's motion to proceed in forma pauperis (Doc. No. 7).

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: November 7, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[3]     Mitchell's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).